IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| NENNET AKAY SESCEY, : | |
| *Plaintiff,* : | |
| : | CIVIL ACTION |
| v. : | NO. 21-4379 |
| : | |
| UCHECHUKAU ONWULSBULL, : | |
| *Defendant.* : | |

**PAPPERT, J.**                                                                 **November 19, 2021**

**<u>MEMORANDUM</u>**

*Pro se* Plaintiff Nennet Akay Sescey[1] filed this action against Defendant Uchechukau Onwulsbull, her ex-boyfriend and former roommate,[2] alleging she was "illegally placed under surveillance without her consent due to the Defendant's negligence."  (ECF 2 at 3-5.)[3]  For the following reasons, Sescey's Complaint is dismissed without prejudice for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and for lack of jurisdiction.

I[4]

Sescey a former exotic dancer and adult entertainer who has appeared in "adult mens [sic] magazine[s]" and in various adult videos, claims Onwulsbull was negligent in failing to inform her he worked in law enforcement and was employed as a "Fed.

---

[1] Because it appears Sescey is unable to afford to pay the filing fee, the Court will grant her *Motion to Proceed In Forma Pauperis*.  (ECF 1.)

[2]  Sescey also alleges Onwulsbull is her minor daughter's father.  (ECF 2 at 3.)

[3]  The Court uses the pagination assigned to the Complaint by the CM/ECF docketing system.

[4]  The facts set forth in this Memorandum are taken from Sescey's Complaint (ECF 2).

Agent in DHS."⁵ (ECF 2 at 2, 5.) Sescey also claims that "[d]ue to [Onwulsbull's] job description, [he] illegally had [her] children removed without [her] consent." (*Id.* at 5.) She further alleges Onwulsbull "made money" from her appearances in "adult private video[s]/adult magazines" and maintains the "whole Internet saw this as a result of [Onwulsbull's] illegal surveillance."⁶ (*Id.*) Sescey contends Onwulsbull's failure to inform her of his employment in law enforcement resulted in a "major breach on . . . behalf of [herself] and [her] children's information" which was compromised as a result of his actions. (*Id.*) Sescey seeks money damages in order to relocate herself and her children to a safe location. (*Id.*)

II

Because Sescey is proceeding *in forma pauperis*, 28 U.S.C. § 1915(e)(2)(B)(ii) requires the Court to dismiss her Complaint if it fails to state a claim. Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). "At this early stage of the litigation,' '[the Court will] accept the facts alleged in [the *pro se*] complaint as true,' 'draw[] all

---

⁵ Sescey's handwriting is difficult to decipher. It appears she is alleging that Onwulsbull was a "Fed. Agent in DHS." However, it is not clear whether she is referring to the United States Department of Homeland Security or the local Department of Human Services. For purposes of this Memorandum, the Court construes this allegation as one asserting that Onwulsbull works for the Department of Homeland Security because Sescey uses the phrase "Fed. Agent".

⁶ Sescey alleges this "illegal surveillance" occurred in her apartment in Darby, Pennsylvania and began, as she believes it, in 2018. (*Id.* at 4.)

reasonable inferences in [the plaintiff's] favor,' and 'ask only whether [that] complaint, liberally construed, . . . contains facts sufficient to state a plausible [] claim.'" *Shorter v. United States*, 12 F.4th 366, 374 (3d Cir. 2021) (quoting *Perez v. Fenoglio*, 792 F.3d 768, 774, 782 (7th Cir. 2015)).  Conclusory allegations do not suffice.  *Iqbal*, 556 U.S. at 678. As Sescey is proceeding *pro se*, the Court construes her allegations liberally.  *Vogt v. Wetzel*, 8 F. 4th 182, 185 (3d Cir. 2021) (citing *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 244-45 (3d Cir. 2013)).

### III

Sescey's allegations do not rely on a specific statute.  She indicated on her form Complaint that the basis for the Court's jurisdiction is "Federal Questions."  (ECF No. 2 at 3.)  Construing her Complaint liberally, Sescey alleges: (1) a constitutional claim under the Fourth Amendment regarding alleged "illegal surveillance" in her apartment without her consent; (2) an unspecified claim related to a "breach" of her and her children's information; (3) an unspecified claim relating to Onwulsbull's profiting from her appearances as an adult entertainer; and (4) a negligence claim arising from Onwulsbull's failure to inform her that he worked as a federal law enforcement agent.

### A

To state a claim for a violation of her constitutional rights under 42 U.S.C. § 1983, Sescey "must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). Because Sescey alleges Onwulsbull is a federal agent, not a state actor, the Court construes her claim liberally to seek relief under the federal actor analogue to Section

1983. *See Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388, 389 (1971); *see also Vanderklok v. United States*, 868 F.3d 189, 198 (3d Cir. 2017) ("[A]ctions brought directly under the Constitution against federal officials have become known as '*Bivens* actions.'").

While the availability of a *Bivens* claim is limited, and "the Supreme Court has plainly counseled against creating new *Bivens* causes of action[,]" *Vanderklok*, 868 F.3d at 199 n.8, a remedy is available for a federal agent's violation of a citizen's Fourth Amendment right to be free from warrantless searches and seizures. *Bivens* 403 U.S. at 392. Generally, the Fourth Amendment guarantees "[t]he right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures." U.S. Const. amend. IV. "To search a person's home and belongings, police officers ordinarily must first seek a warrant based on probable cause supported by oath or affirmation. Warrantless searches are presumptively unreasonable under the Fourth Amendment." *Parkhurst v. Trapp*, 77 F.3d 707, 711 (3d Cir. 1996).

Nevertheless, Sescey's Complaint does not set forth a plausible *Bivens* claim for a Fourth Amendment violation related to alleged "illegal surveillance" of her apartment. First, she conclusorily alleges she was "illegally placed under surveillance without her consent due to the Defendant's negligence." (ECF No. 2 at 4.) She does not allege any details about the type of surveillance used, the law enforcement entity or individuals who conducted it[7] or how she came to learn she had been surveilled. More is required to "nudge" her Bivens claim "across the line from conceivable to plausible."

---

[7] It appears, however, that Sescey believes the surveillance was conducted by DHS based on her naming Onwulsbull, an alleged DHS agent, as a Defendant.

*Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

Second, although Sescey names Onwulsbull as a Defendant and alleges he is a federal agent employed by DHS, she does not allege he was the one who undertook the surveillance efforts she complains about. Rather, she alleges she was "illegally placed under surveillance without her consent ***due to*** . . . [Onwulsbull's] negligence." (*Id.*) (emphasis added). Under the Complaint's allegations, Onwulsbull did not have personal involvement – a requirement to state a plausible 1983 claim – in the alleged surveillance efforts. *See Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988) (holding "[a] defendant in a civil rights action must have personal involvement in the alleged wrongs" to be liable). She alleges no facts to suggest Onwulsbull – to the extent he may have been involved in alleged illegal surveillance at all – did so on behalf of DHS in his role as a federal agent. *Cf. Barna v. City of Perth Amboy*, 42 F.3d 809, 816 (3d Cir. 1994) ("[A] police officer's purely private acts which are not furthered by any actual or purported state authority are not acts under color of state law").

Because Sescey has not alleged enough facts to show federal action as is required to support her *Bivens* claim, it is dismissed pursuant to § 1915(e)(2)(B)(ii). If she can allege enough facts to cure the identified defects in her *Bivens* claim, she may file an Amended Complaint. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 114 (3d Cir. 2002).

B

Having dismissed, Sescey's federal claims, the Court declines to exercise supplemental jurisdiction pursuant to 28 U.S.C. § 1367 over any related Pennsylvania state tort claims.

The only independent basis for jurisdiction over such claims is 28 U.S.C. § 1332, which provides the Court with subject-matter jurisdiction when "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States." 28 U.S.C. § 1332(a). Section 1332(a) requires "'complete diversity between all plaintiffs and all defendants,' even though only minimal diversity is constitutionally required. This means that, unless there is some other basis for jurisdiction, 'no plaintiff [may] be a citizen of the same state as any defendant.'" *Lincoln Ben. Life Co. v. AEI Life, LLC*, 800 F.3d 99, 104 (3d Cir. 2015) (quoting *Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 89 (2005) and *Zambelli Fireworks Mfg. Co. v. Wood*, 592 F.3d 412, 419 (3d Cir. 2010) (internal footnotes omitted)). An individual is a citizen of the state where he is domiciled, meaning the state where he is physically present and intends to remain. *See Washington v. Hovensa LLC*, 652 F.3d 340, 344 (3d Cir. 2011). "The burden of establishing federal jurisdiction rests with the party asserting its existence." *Lincoln Ben. Life Co.*, 800 F.3d at 105 (citing *DaimlerChrysler Corp. v. Cuno*, 547 U.S. 332, 342 n.3 (2006)).

Sescey does not adequately allege the citizenship of any party. She fails to allege either her own citizenship or that of Onwulsbull and simply notes in her Complaint that both she and Onwulsbull have Pennsylvania addresses. (ECF No. 2 at 2-3.) None of her allegations are sufficient to allege diversity for purposes of establishing the Court's jurisdiction over the state law claims she intends to pursue. Because courts should freely give leave to amend a complaint when justice so requires, Fed. R. Civ. P. 15(a)(2), Sescey may amend her state law claims in the event she can state a plausible basis for a claim within the Court's jurisdiction.

6

An appropriate Order follows.

BY THE COURT:

*/s/ Gerald J. Pappert*
GERALD J. PAPPERT, J.
